IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 03-0061-PHX-HDM |
| Plaintiff/Respondent, | CV 10-2361-PHX-JAT (ECV) |
| vs. | **REPORT AND RECOMMENDATION** |
| Robert Wilson Stewart, | |
| Defendant/Movant. | |

TO THE HONORABLE JAMES A. TEILBORG, UNITED STATES DISTRICT JUDGE:

Pending before the court is Movant's *pro se* Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. Doc. 1.[1]

**BACKGROUND**

On June 17, 2003, following a four day jury trial, the jury returned guilty verdicts on all four counts alleged against Movant. Doc. 93-96 of CR 03-0061-PHX-HDM. Count 1 alleged Movant threatened to murder United States District Judge Roslyn O. Silver, in violation of 18 U.S.C. § 115(a)(1)(B); Counts II and III alleged Movant made material false statements to government agents in violation of 18 U.S.C. § 1001(a)(2); and Count IV alleged that Movant solicited another person to commit the murder. U.S. v. Stewart, 420

---

[1] Unless otherwise indicated, the cited docket numbers are from the civil case that was opened upon the filing of the motion to vacate.

1  F.3d 1007, 1010 n.1 (9th Cir. 2005). On November 20, 2003, Movant was sentenced to 60
2  months in prison on each of Counts I, II and III, to run concurrently, and 232 months in
3  prison on Count IV, to run consecutively to the sentences for Counts I, II and III. Doc. 147
4  of CR 03-0061-PHX-HDM. The sentence was also ordered to run consecutively to the
5  sentence Movant was serving for a prior firearms conviction in CR 00-698-PHX-ROS. Id.

6  On November 26, 2003, Movant filed a timely Notice of Appeal. Doc. 150 of CR 03-
7  0061-PHX-HDM. On August 23, 2005, the Ninth Circuit Court of Appeals, in a reported
8  decision, affirmed the convictions on Counts I, II and IV, but reversed the conviction on
9  Count III and remanded the case for re-sentencing. Stewart, 420 F.3d at 1014-1021. Movant
10 was re-sentenced on June 15, 2006, to concurrent 60 month prison terms on each of Counts
11 I and II, and 232 months on Count IV, again to run consecutively to the sentences for Counts
12 I and II. Doc. 199 of CR 03-0061-PHX-HDM. Thus, Movant's total sentence remained the
13 same at 292 months. Id.

14 Movant again filed a direct appeal in the Ninth Circuit. Doc. 200 of CR 03-0061-
15 PHX-HDM. On October 7, 2009, in a Memorandum Decision, the Court affirmed the
16 convictions and sentences. Doc. 231 of CR 03-0061-PHX-HDM. The Court then issued the
17 Mandate on November 2, 2009. Id.

18 On November 1, 2010, Petitioner filed his motion to vacate pursuant to 28 U.S.C. §
19 2255. Doc. 1. He alleges three grounds for relief in the motion: (1) that his attorney at trial
20 provided ineffective assistance of counsel in violation of the Sixth Amendment when he
21 failed to challenge the validity of the duplicate audio recording presented to the jury by the
22 prosecution; (2) that the sentence was imposed in violation of the Constitution because the
23 federal prison facility where the offenses occurred was on land leased from a private
24 landowner, not on federal land; and (3) that the District Court of Arizona was without subject
25 matter jurisdiction over this case because the property on which the prison sits is privately
26 owned. The United States filed a Response to Petition for Writ Pursuant to 28 U.S.C. § 2255
27 on February 11, 2011. Doc. 5. Movant then filed a Reply on March 4, 2011. Doc. 6.
28 **DISCUSSION**

Respondent contends that Movant's ineffective assistance claim should be denied because Movant's challenge to the audio recording was already rejected by the Ninth Circuit in his direct appeal. Regarding the jurisdictional issue raised in grounds two and three, Respondent argues that the district court's jurisdiction over these offenses did not depend on whether they occurred on federal land.

**A.    Ineffective Assistance Claim**

Movant contends that the defense copy of the audio recording on which he solicited another person to kill a federal judge was different from the recording played to the jury in that the defense copy was largely unintelligible. Movant states that he never heard the altered version of the recording until it was played to the jury. He contends that his lawyer provided ineffective assistance when he failed to challenge the fact that the original recording was destroyed and only the altered version was submitted as evidence. Movant claims that if the original had been played to the jury, it would have demonstrated his innocence.

A criminal defendant may not use a motion to vacate under section 2255 to relitigate issues previously decided on direct appeal. United States v. Redd, 759 F.2d 699, 701 (9th Cir. 1985); Battaglia v. United States, 428 F.2d 957, 960 (9th Cir. 1970). "Section 2255 . . . is not designed to provide criminal defendants multiple opportunities to challenge their sentence." United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993).

In its published opinion following the first direct appeal, the Ninth Circuit ruled that the duplicate audio recording submitted by the prosecution was properly admitted. Stewart, 420 F.3d at 1021 n.13. The Court explained that no evidence was presented showing a "genuine question" that the duplicate recording was altered or otherwise tainted. Id. Because the admissibility of the duplicate recording has already been decided by the Ninth Circuit, Movant cannot relitigate the issue simply by framing it as ineffective assistance of counsel.

Moreover, even if the Ninth Circuit had not already determined the duplicate recording was properly admitted, Movant's ineffective assistance claim would fail. The two-prong test for ineffective assistance of counsel was established by the Supreme Court in

- 3 -

1 Strickland v. Washington, 466 U.S. 668 (1984).  To prevail on an ineffective assistance 2 claim, a convicted defendant must show: (1) that counsel's representation fell below an 3 objective standard of reasonableness; and (2) that there is a reasonable probability that, but 4 for counsel's unprofessional errors, the result of the proceeding would have been different. 5 Strickland, 466 U.S. at 687-88.  There is a strong presumption that counsel's conduct falls 6 within the wide range of reasonable assistance.  Strickland, 466 U.S. at 689-90.  "A fair 7 assessment of attorney performance requires that every effort be made to eliminate the 8 distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged 9 conduct, and to evaluate the conduct from counsel's perspective at the time."  Id. at 689.

10 Movant has not demonstrated that the result of the proceedings would have been 11 different even if his lawyer would have challenged the accuracy of the duplicate recording 12 played to the jury.  Movant acknowledges that he did not know until the prosecution played 13 the recording for the jury that the copy submitted into evidence was different from what was 14 provided to his counsel.  By that time, Movant concedes, the original had been destroyed. 15 Movant has presented no basis for this court to conclude that there is a reasonable probability 16 that the trial court would have excluded the duplicate recording based only on Movant's self-17 serving assertions that the original would have shown his innocence.

18 For these reasons, this court finds that Movant has not shown he is entitled to relief 19 based on ineffective assistance of counsel.  The court will therefore recommend that ground 20 one be denied.

21 **B.     Jurisdiction Claims**

22 As Movant acknowledges in his motion, the issues in grounds two and three are 23 "closely linked" in that both challenge the federal court's territorial jurisdiction over his 24 offenses.  The court will therefore address them together.  Movant argues that because the 25 federal prison where the offenses occurred is situated on land not owned by the United 26 States, the federal court was without jurisdiction to hear the case and impose the sentences 27 against him.

28

"The federal court's jurisdiction is not limited to federal crimes committed on federal lands." United States v. McCalla, 545 F.3d 750, 756 (9th Cir. 2008); see also United States v. Adams, 581 F.2d 193, 200 (9th Cir. 1978) (federal jurisdiction over murders of postal employees is not limited to those occurring on federal land). Under 18 U.S.C. § 3231, "[t]he district courts of the United States have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Unless the situs is an element of the offense, federal criminal statutes apply nationwide "equally to everyone everywhere within the United States...." United States v. Begay, 42 F.3d 486, 499 (9th Cir. 1994).

As the above authority demonstrates, Movant's territorial jurisdiction claims are without merit. The fact that the offenses may have occurred on land not owned by the United States is of no relevance to the court's jurisdiction in this case. The court will therefore recommend that grounds two and three be denied.

**C.   Conclusion**

Having determined that all three grounds for relief should be denied, the court will recommend that the motion to vacate be denied in its entirety.

**IT IS THEREFORE RECOMMENDED:**

That Movant's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. 1) be **denied**.

**IT IS FURTHER RECOMMENDED**:

That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because the dismissal of the motion to vacate is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable, and because Movant has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R.

1  Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response
2  to the objections. Failure to timely file objections to the Magistrate Judge's Report and
3  Recommendation may result in the acceptance of the Report and Recommendation by the
4  district court without further review. <u>See</u> <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121
5  (9th Cir. 2003). Failure to timely file objections to any factual determinations of the
6  Magistrate Judge will be considered a waiver of a party's right to appellate review of the
7  findings of fact in an order of judgement entered pursuant to the Magistrate Judge's
8  recommendation. <u>See</u> Fed. R. Civ. P. 72.

   DATED this 28th day of June, 2011.

_____
Edward C. Voss
United States Magistrate Judge