**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 03-0061-PHX-HDM |
| Plaintiff/Respondent, | CV-10-2361-PHX-JAT (ECV) |
| vs. | **ORDER** |
| Robert Wilson Stewart, | |
| Defendant/Movant. | |

Pending before the Court is Movant's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. This case was referred to Magistrate Judge Voss who, on June 28, 2011, filed a Report and Recommendation (R&R). Doc. 7.[1] Movant filed objections to the R&R. Doc. 8 and Doc. 9. Because objections have been filed, the Court will review the motion de novo. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

As recounted in the R&R:

> On June 17, 2003 following a four day jury trial, the jury returned guilty verdicts on all four counts alleged against Movant. Count 1 alleged Movant threatened to murder United States District Judge Roslyn O. Silver, in violation of 18 U.S.C. §115(a)(1)(B); Counts II and III alleged Movant made material false statements to government agents in violation of 18 U.S.C. § 1001(a)(2); and Count IV alleged that Movant solicited another person to commit the murder. On November 20, 2003, Movant was sentenced to 60 months in prison on each of Counts I, II and III, to run

---

[1] All Document numbers are in CV 10-2361 unless otherwise indicated.

> concurrently, and 232 month in prison on Count IV, to run consecutively to the sentences for Count I, II and III. ...
> On November 26, 2003, Movant filed a timely Notice of Appeal. On August 23, 2005, the Ninth Circuit Court of Appeals, in a reported decision, affirmed the convictions on Counts I, II and IV, but reversed the conviction on Count III and remanded for re-sentencing. Movant was re-sentenced on June 15, 2006, to concurrent 60 month prison terms on each of Counts I and II, and 232 months on Count IV, again to run consecutively to the sentences for Counts I and II. ...
> Movant again filed a direct appeal in the Ninth Circuit. On October 7, 2009, in a Memorandum Decision, the Court affirmed the convictions and sentences. ...

Doc. 7 at 1–2.

In his Petition, Movant raises three claims for relief. Doc. 1 at 1. The first is ineffective assistance of counsel. The second and third both challenge the federal court's territorial jurisdiction over his offenses.

## I. Ineffective Assistance of Counsel Claim

Under *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny, "[a]n ineffective assistance claim has two components: a petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense. To establish deficient performance, a petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (internal citations and quotations omitted). A deficient performance is one that is "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. In order to show prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Without specifics that cause the court to have such doubts, a claim of ineffective assistance of counsel must be denied. *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) (noting that petitioner needs to "identify what evidence counsel should have presented" to show his innocence).

Movant claims his counsel was ineffective for failing to challenge the fact that an audio

recording that was played to the jury was different from the defense copy and was largely unintelligible. On that audio recording, Movant solicited another person to kill a federal judge. Movant claims that if the original had been played to the jury, it would have demonstrated his innocence.

The R&R views Movant's complaint of ineffective assistance of counsel as nothing more than an attempt to challenge his sentence and the ruling that has been made on the audio recording. Doc. 7 at 3. The R&R notes that the Ninth Circuit ruled that the duplicate audio recording submitted by the prosecution was properly admitted. *Id.* (citing *U.S. v. Stewart*, 420 F.3d 1007, 1021 n.13 (9th Cir. 2005)). Additionally, the R&R notes that because the admissibility of the duplicate recording had already been decided by the Ninth Circuit, Movant cannot re-litigate the issue simply by framing it as ineffective assistance of counsel. Doc. 7 at 3.

The R&R notes that notwithstanding the Ninth Circuit's determination that the audio recording was admissible, Movant's ineffective assistance claim would fail nonetheless. Doc. 7 at 4. Additionally, the R&R notes that Movant has not demonstrated that the result of the proceedings would have been different even if his lawyer would have challenged the accuracy of the duplicate recording played to the jury. *Id.* The only evidence that Movant has presented for this court to conclude that there is a reasonable probability that the trial court would have excluded the duplicate recording is his self-serving assertions that the original would have shown his innocence. Having reviewed this issue de novo, the Court finds that Movant did not have ineffective assistance of counsel because Movant has failed to demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

In his objections, Movant raises an additional argument about the original recording. Specifically, Movant claims that defense witnesses, if called, would have testified in his favor concerning the information contained in the original audio recording. Doc. 8 at 4. Movant also claims that the exculpatory value of the original recording cannot be determined because

of counsel's failure to subpoena possible witnesses. *Id.* at 3. However, a petitioner may not use self-serving speculation to argue that a witness might have had favorable testimony. *Grisby v. Blodgett*, 130 F.3d 365, 373 (9th Cir. 1997); *U.S. v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991). And trial counsel is not required to interview every possible witness to be effective. *See generally Bobby v. Van Hook*, 130 S. Ct. 13, 17–18 (2009). Once again, Movant has failed to show a reasonable probability that the result of the proceeding would have been different if not for counsel's alleged unprofessional errors. Additionally, the Court has found that Movant has not shown that the result of the proceeding would have been different had counsel called the additional witnesses, nor has Movant shown prejudice due to counsel's failure to further object to the admission of the recording because the Court of Appeals ruled that it was properly admitted. Therefore, the Court need not conduct the evidentiary hearing requested by Movant to resolve any factual disputes. Accordingly, the objections on this claim are overruled.

## II. Jurisdiction Claims

Movant and the R&R note that the issues in grounds two and three are closely linked because they both challenge the federal court's territorial jurisdiction over Movant's offenses. Doc. 7 at 4. Movant argues that because the federal prison where the offenses occurred is situated on land not owned by the United States, the federal court was without jurisdiction to hear the case and impose sentences. Doc. 1 at 3–4.

"The federal court's jurisdiction is not limited to federal crimes committed on federal lands." *United States v. McCalla*, 545 F.3d 750, 756 (9th Cir. 2008); *see also United States v. Adams*, 581 F.2d 193, 200 (9th Cir. 1978) (federal jurisdiction over murders of postal employees is not limited to those occurring on federal land). Under 18 U.S.C. § 3231, "[t]he district courts of the United States have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Federal crimes apply "equally to everyone everywhere within the United States." *United States v. Begay*, 42 F.3d 486, 499 (9th Cir. 1994).

Using the authority above, the R&R notes that Movant's territorial jurisdiction claims are without merit. Doc. 7 at 5. It is irrelevant to the court's jurisdiction that the offenses may have occurred on land not owned by the United States. Accordingly, relief on grounds two and three will also be denied.

In his objections, Movant argues that in the majority of cases, the location or place of a crime determines the jurisdiction. Doc. 8 at 8. Movant also contends that the federal crimes he has been convicted of are among those that must occur on federal lands to be tried in a federal court. *Id.* In light of *United States v. McCalla*, 545 F.3d at 756, Movant's position is legally incorrect. Accordingly, the objection on this claim is overruled.

**III. Conclusion**

Based on the foregoing,

**IT IS ORDERED** that the Report and Recommendation (Doc. 7) is accepted, the Objections (Doc. 8) and Supplemental Objection (Doc. 9) are overruled, the Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 1) is denied, and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, in the event Movant files an appeal, the Court denies issuance of a Certificate of Appealability because Movant has not made a substantial showing of the denial of a constitutional right.

DATED this 23rd day of August, 2011.

_____
James A. Teilborg
United States District Judge

- 5 -